IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TYRONE D. BARNER, #R9314                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 2:10-cv-280-KS-MTP

BRENDA SIMS, et al.                                                                        DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before this Court, *sua sponte*. An order [8] was entered on March 30, 2011, directing the plaintiff to file a written response on or before April 21, 2011. Even though the plaintiff was warned in that order [8] that failure to comply could result in the dismissal of the instant civil action, the plaintiff failed to comply with that order [8].

When the plaintiff failed to comply with the order [8] entered March 30, 2011, an order to show cause [9] was entered on May 11, 2011. That order [9] once again directed the plaintiff to comply with the order [8] entered on March 30, 2011. The plaintiff was directed to comply with that order [9] on or before May 26, 2011. Additionally, the plaintiff was warned in the order to show cause [9] that if he did not comply with the court order his case could be dismissed. The plaintiff again failed to comply.

Because the plaintiff is a *pro se* prisoner, a second and final order to show cause [10] was entered on June 23, 2011. This order to show cause [10] directed the plaintiff to comply with the order [8] entered on March 30, 2011, on or before July 8, 2011. Moreover, this order [10] advised the plaintiff that this was his final opportunity to comply with the order [8] and that his failure to do so would result in the dismissal of the instant civil action without further notice from this Court. The plaintiff failed to comply.

Having reviewed the record, this Court finds that the plaintiff was warned in a notice of assignment from the Clerk, the orders [3 & 4] entered on November 30, 2010, and all of the above

mentioned orders, that his failure to comply with any order of this Court could result in the dismissal of this action. The orders were mailed to the plaintiff's last known address

The last communication plaintiff had with this Court was on December 10, 2010, when he complied with the orders [3 & 4] entered on November 30, 2010. Since that time, the plaintiff has not contacted this Court to inquire as to the status of his case or to provide the Court with a current address. Therefore, this Court finds from the plaintiff's failure to comply with the orders of this Court or to otherwise communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte. See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link, supra*, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 26th day of July, 2011.

>                        *s/Keith Starrett*
>                        UNITED STATES DISTRICT JUDGE